UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 2, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-1451

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>      *Plaintiff-Appellee*, <br><br>  *v.* <br><br> DENNIS COLES, <br>      *Defendant-Appellant*. | Appeal from the United States <br> District Court for the <br> Central District of Illinois. <br><br> No. 00-CR-20051 <br><br> Michael P. McCuskey, *Judge*. |

**O R D E R**

Dennis Coles was convicted, after a 2002 jury trial, of having possessed a firearm as a convicted felon, 18 U.S.C. § 922(g). His record of five felony convictions made him an armed career criminal under 18 U.S.C. § 924(e). He was sentenced in 2003 to a term of 293 months imprisonment.

On appeal, Coles' lawyer sought to withdraw under Anders v. California, 386 U.S. 738 (1967), because he was unable to find a nonfrivolous issue to pursue. On May 3, 2004, we entered an order concluding that the potential appeal issues identified by defense counsel were frivolous. We then granted counsel's motion to withdraw and dismissed Coles' appeal.

Coles petitioned for a rehearing (and rehearing en banc) and requested and received permission to file supplemental briefs. His petition was pending when the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005). On May 19, 2005, we retained jurisdiction in the

case and ordered a limited remand, pursuant to the procedures set forth in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). We directed the sentencing judge to consider whether he "would (if required to resentence) reimpose his original sentence." We explained that "if the district court would reimpose the same sentence, we will affirm that sentence so long as it is reasonable. If the court would impose a different sentence, we will vacate and remand for resentencing."

On limited remand, consistent with the procedures set forth in Paladino, the parties submitted written statements on the question whether the court would adhere to the original sentence in light of the now-advisory nature of the sentencing guidelines. The district court considered those positions, as well as a letter from the defendant and the defendant's daughter, "the arguments of counsel, the defendant's arguments, the advisory Sentencing Guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a)." The district court concluded that, if given the opportunity, it would impose the same 293-month sentence under the now-advisory sentencing guidelines based on the defendant's criminal history and the nature of the offense. As District Judge McCuskey explained:

> This court notes that it imposed the maximum guidelines sentence in his case. In imposing this sentence, this court considered the number of firearms involved in the offense and the evidence which showed that Defendant was an organizer, leader or manager because he directed Sabrina Hall to obtain the firearms. This court also considered the fact that Defendant testified falsely both at the hearing on Defendant's Motion to Suppress and at trial, resulting in an obstruction of justice. This court still believes that the sentence imposed was warranted under the facts of this case, considering all of the factors set out in 18 U.S.C. 3553(a). This court would, therefore, adhere to its original sentence in this case.

(App. 4)

In an order dated August 9, 2005, we invited the parties to submit arguments concerning the appropriate disposition of this appeal in light of the district court's decision. Having now considered the submissions, we affirm Coles' sentence. The 293-month sentence was, we conclude, reasonable. Coles' petition for rehearing is DENIED. No judge called for a vote on the petition for rehearing en banc, so that petition is also DENIED.